Richard James STILES, Plaintiff in Error,

v.

R. E. ALBEE, B. J. Revels, William Gill, Jr., and Maryland Casualty Company, Defendants in Error.

No. 38810.

Supreme Court of Oklahoma.

Oct. 30, 1962.

Rehearing Denied Jan. 8, 1963.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

Edward H. Moler, Municipal Counselor of the City of Oklahoma City, Hyde & Freeman, by Jack Freeman, Oklahoma City, for defendants in error.

PER CURIAM.

Action by the plaintiff, Richard James Stiles, against the defendants, R. E. Albee and B. J. Revels, police officers of the City of Oklahoma City, and William Gill, Jr., former city manager of the City of Oklahoma City and Maryland Casualty Company, bonding company for the defendant Gill on his official bond. Plaintiff seeks damages for an assault and battery, false arrest and imprisonment, and malicious prosecution.

In his third amended petition, plaintiff alleges that on or about the 17th day of December, 1956, in the City of Oklahoma City, when enroute from his place of duty in the United States Air Force to his home in Houston, Texas, that while walking in the 300 block of West Grand Avenue at the

approximate time of 12:30 o'clock A.M., returning to his hotel room, he was wrongfully, maliciously and forcefully accosted on the street by the defendant police officers, R. E. Albee and B. J. Revels, while acting within their official capacity and without writ or process of any kind and without cause or justification, who did then commit an assault and battery upon the plaintiff by striking him on the left jaw and cheek, on his right forehead above his right eye and did immediately thereafter wrongfully, forcefully, and maliciously require plaintiff to submit to a search of his person on the public streets of Oklahoma City; that said defendants did then, without cause or provocation, wrongfully arrest and handcuff plaintiff and force him into the official police car being driven by the defendants and did then transport him to and imprison him in the county jail.

Plaintiff further alleges that it was the duty of the City Manager, William Gill, Jr., to exercise due care as to the character of the persons employed by him as policeman; that notwithstanding his duty to employ capable and competent persons to serve on the police force, he did with reckless, wilful and wanton disregard of said duties, employ and retain the defendants, R. E. Albee and B. J. Revels to act as policemen, knowing that said policemen did not bear good reputation as being suitable and proper persons to be entrusted with the power vested in policemen, but on the contrary, at all times, their reputations were bad, being that of persons who while acting under the cloak, color and protection of office had resorted to acts of oppression and unnecessary acts of violence toward helpless persons unlawfully and without justification while in the purported exercise and under the cloak and protection of their office. That as a result of the acts of the defendants in assaulting plaintiff and thereafter handcuffing and placing him in the city jail and thereafter prosecuting him on false, malicious and unwarranted charges, the plaintiff became sick, sore and disabled and suffered humiliation and embarrassment and incurred the expense of medical

care for his injuries and suffered great physical suffering and mental anguish all to his damage in the sum of $15,000.00, of which sum plaintiff claims $7,500.00 as actual damages and $7,500.00 as punitive damages against the defendants and each of them.

The defendants, William Gill, Jr. and Maryland Casualty Company filed a joint answer wherein they deny all the allegations of plaintiff's third amended petition except they admit the defendant, William Gill, Jr., was the duly appointed and acting city manager of Oklahoma City and that the defendants, R. E. Albee and B. J. Revels were policemen and members of the police department of the said City at all times herein pertinent. The answer further alleges the plaintiff was guilty of loitering and resisting an officer in violation of the ordinances of Oklahoma City, Oklahoma.

The defendants, R. E. Albee and B. J. Revels filed a joint answer alleging the same defenses contained in the joint answer of Gill and Maryland Casualty Company.

The plaintiff replied, denying each and every allegation contained in the defendants' answers inconsistent with the allegations of his petition.

The cause was tried to a jury and at the conclusion of plaintiff's evidence the court sustained the separate demurrers of the defendants to each of the three causes of action, discharged the jury and dismissed the case.

■ It is not contended by the plaintiff that the defendant, William Gill, Jr., personally assisted the two policemen in the arrest, assault and battery or malicious prosecution but as city manager it was his duty to employ capable and competent persons to serve on the police force, however, he did with reckless, wilful and wanton disregard of his duties employ and retain the defendants, R. E. Albee and B. J. Revels to act as policemen, knowing them to be unfit persons. The plaintiff sought to prove the defendant, William Gill, Jr., city manager, did have knowledge of the two policemen's un-

fitness to be on the police force by introducing a certain record where he had discharged R. E. Albee for drinking while on duty. The offer of introducing the record in this case and other similar cases was made by the plaintiff and objected to by the defendants and the objections were sustained by the court. Also objections to the testimony of three witnesses to establish such fact were sustained by the court. The attorney then made the following offer, to-wit:

"Let the record show that we offer the evidence of the witness, Edwards and Gray and Healey as being offered for the purpose of establishing the fact that the City Manager of Oklahoma City thru investigations and firsthand knowledge of the incidents testified to, took disciplinary action against Officer Albee and as a result thereof, discharged said Officer Albee from the police force. That thereafter, and immediately prior to the incident which is the basis for this lawsuit said Officer Albee was rehired by the police department and City Manager with the full knowledge of the prior misconduct."

From an examination of the offered evidence we find it is not sufficient to make a prima facie case against William Gill, Jr. and his surety, Maryland Casualty Company. Therefore, the judgment is affirmed as to these defendants.

■■ The testimony of the plaintiff stripped free from all objectionable evidence as provided in the demurrer rule, was in substance that he was stationed in the Air Force at Topeka, Kansas, and was on his way to Houston, Texas, his home, arrived in Oklahoma City about 11:30 P.M., December 17, 1956, put his car in a garage and registered into a hotel and then went out to get something to eat and on his return to his hotel he was stopped by the two policemen, searched, struck by one of them, handcuffed and put in jail. The next morning he was taken before a judge, charged with loitering and resisting arrest. He plead not guilty but was found guilty by the judge and fined $10.00 on the charge of loitering and $2.00 on the charge of resisting arrest. A few days later the finding of guilty by the judge was set aside and the money he paid was returned to him. He further testified that he did not do anything to cause the officers to arrest him.

■■ In support of their position that the trial court was correct in sustaining their demurrers to plaintiff's evidence, the defendants, Albee and Revels, contend that said evidence was insufficient to go to the jury because it established that, at the time of his arrest, plaintiff was loitering and resisting an officer, as hereinbefore shown to have been alleged in said defendants' answer. Defendants' brief quotes the two Oklahoma City ordinances as to the two offenses—and the one as to "loitering" is quoted in Rainbolt v. State of Oklahoma, (Okl.Cr.App.) 260 P.2d 426; but defendants fail to point out any conduct of the plaintiff shown in the record that constituted "loitering" within the definition of such misdemeanor shown in that case. The Oklahoma City Ordinance "7-11", concerning "Resisting Officer" quoted in defendants' brief says:

"It shall be unlawful for any person in said city to resist or oppose any police, or other officer, in the discharge of his duty, * * *";

but the third paragraph of the court's syllabus in the cited case holds that an officer has no legal right, without a warrant, to stop a person and search him on mere suspicion of misdemeanor. It therefore follows that, if an officer does so, he cannot, in so doing, be discharging a "duty". Since, as to plaintiff's arrest without a warrant, no justification is claimed, other than that he was engaged in, or suspected of, the misdemeanor of "loitering", it also follows that defendants show no basis for the charge of resisting an officer, filed against plaintiff. In view of the foregoing, we can only conclude that the evidence was sufficient for submission to the jury on plaintiff's cause of action for false arrest; and the rule is well settled that, if such suffi-

ciency exists as to any of plaintiff's causes of action, the trial court errs in sustaining a general demurrer on account of said evidence's insufficiency. See Runyan v. City of Henryetta, Okl., 347 P.2d 1014, and Regier v. Hutchins, Okl., 298 P.2d 777.

In accord with the foregoing, the judgment of the trial court is hereby reversed as to the last two named defendants, and sustained as to the other two defendants.

WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

WILLIAMS, C. J., and JACKSON, J., concur as to officers, dissent as to manager.